NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYRUS MARK SANAI, an individual, | No. 19-55427 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02136-RGK-E |
| v. | |
| D. JOSHUA STAUB, an individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Attorney Cyrus Mark Sanai appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the

district court's dismissal for failure to prosecute.  *Al-Torki v. Kaempen*, 78 F.3d

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1381, 1384 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Sanai's action because Sanai failed to file proof of timely service of the complaint on all defendants after being warned that failure to do so would result in dismissal. *See id.* (discussing factors to be considered before dismissing an action for failure to prosecute).

The district court did not abuse its discretion by denying Sanai's post-judgment motion to vacate or amend the judgment because Sanai failed to demonstrate any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for relief under Federal Rule of Civil Procedure 59(e) or 60(b)).

Because we affirm the district court's dismissal of Sanai's action for failure to prosecute, we do not consider his challenges to the district court's interlocutory orders regarding recusal and judicial disclosure. *See Al-Torki*, 78 F.3d at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

//

//

Each judge on this panel declined the request to recuse.

All pending motions and requests are denied.

**AFFIRMED.**